Wilde J.
The demandant having recovered judgment against the former owners of the demanded premises, caused his execution to be duly extended thereon ; whereby all the debtor’s right and title was transferred to him and he became seised thereof in fee ; unless by operation of law it was vested in one Bachelder, who it appears was in equity entitled to the fruits of the judgment and execution, the demandant being only a nominal plaintiff in that action, or if he had any beneficial interest in the demand when the action was commenced, he had afterwards relinquished it to Bachelder. It is however clear, by the express words of the statute of 1783, c. 57, § 2, that the legal estate vested in the demandant, he being the judgment creditor, and that Bachelder had only a trust estate. This was not a trust or use executed by the statute of uses, (27 Hen. 8, c. 10,) but a trust according to the understanding of the term since the passing of that statute. 7 Bac. Abr. tit. Trusts, C; Lamplugh v. Lamplugh, 1 P. Wms. 112 ; Shep. Touch, c. 24, p. 506, 507 ; Gascoigne v. Thwing, 1 Vern. 366 ; Foote v. Colvin, 3 Johns. R. 216.
Two questions therefore are raised; 1st, whether on the *542 plea of nul disseisin in a writ of entry by the trustee against the cestui que trust, the demandant is entitled to recover; 2dly, whether a trust estate is extendible, or may be set off to a creditor on execution.
As to the first question, it is perfectly clear that the plea of nul disseisin puts in issue the legal title, and as this is in the demandant, he is entitled to judgment. Though the cestui que trust may have a right to the rents and profits, and may compel the trustee to execute such conveyances of the !and as the terms of the trust may require, yet until such com eyance the cestui que trust is tenant at will to the trustee ant cannot call in question his legal title.
If the tenant had pleaded specially, setting forth the trus* and averring that he was in possession as tenant at will only, receiving the rents and profits in pursuance of the trust, and could have sustained such a plea by evidence, it would have been fatal to the action, and if justice required it, we might, on terms, allow the tenant to replead ; but we are satisfied that such a plea would not avail him, and could not be maintained on the facts reported by the judge, because, secondly, a trust estate cannot be taken on execution, and the tenant’s possession was tortious.
By the principles of the common law there was.no process but against legal estates, so that uses and trusts, and equities of redemption, and all merely equitable interests in lands or personal property, were considered only as creatures of equity, and were not liable to be taken and sold on execution. 1 Cruise’s Dig. tit. 11, c. 2, § 33 ; Scott v. Scholey et al., 8 East, 467 ; Cadogan v. Kennett, Cowp. 432 ; Bac. Abr. Execution, C, 4 ; Wilkes v. Ferris, 5 Johns. R. 335. Equitable interests are only to be reached by resorting to a court of equity ; and where it is clothed with sufficient powers to grant relief in all cases, creditors cannot be prejudiced. But this defect of the common law, as it certainly is, cannot oe supplied in all cases by the limited powers of this Court as a court of equity. In the present case probably relief may be had, if the tenant can show himself entitled to relief by the rules of equity, as the declaration of trust was made ny deed. But cases may frequently occur, where property max *543 be locked up against the just claims of creditors, and the Court would have no power to interpose and to give relief. But arguments ab inconvenienti are not to prevail over a well established rule of law. In such case the legislature alone can provide a remedy ; either by enlarging the equitable jurisdiction of this Court; or by establishing a court of chancery ; ot ‘f neither of these measures should be deemed expedient, provision may be made that all trusts and equitable rights and interests shall be liable to attachment and sale on execution. This has long been the law in respect to equities of redeeming estates mortgaged, and the, same reason extends to other equities and to trusts. By the 10th section of the English statute of frauds, (29 Car. 2, c. 3,) trust estates were made liable to execution for the debts of the cestui que trust, but this statute did not extend to the provinces, nor was it ever adopted in this State. At an early period lands here were made liable for debts, not however by the law of England, but by provincial statutes. At first estates in fee only were extendible; St. 8 Will. 3, c. 3, § 1. In the subsequent statutes this limitation was omitted, and all legal estates were made chargeable. But no one of these statutes can be so construed as to extend to trust estates. And in the provincial statute of frauds, (4 W. & M. c. 3,) the 10th section of the statute of 29 Car. 2, is omitted. It is difficult to account for this omission, for there was certainly a more urgent necessity for some such provision here, than there was in Eng- and, where relief might have been obtained without the aid of the statute, by resorting to a court of equity. Probably in the early settlement of the country few estates were held in trust, and therefore such a provision might have been considered unnecessary. But however this might have been, it is certain that we have no statute making trust estates chargeable with the debts of the cestui que trust;1 and as they are not so chargeable by the principles of the common law, we *544 ave brought to the conclusion, that the tenant acquired no title by extending his execution against Bachelder on the premises, and that he may therefore be considered as a disseisor.
JVeto trial granted.

 New York the interest in lands of a cestui que trust may be sold on execution. Jackson v. Walker, 4 Wendell, 462 ; 1 Revis. Laws. 74. So the interest of a cestui que trust in land, will pass by the extent of an execution upon the land, as his estate, in New Hampshire. Pritchard v. Brown, 4 N. Hamp. R. 397